NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JONATHAN NICHOLSON, | : | |
| | : | Civ. Action No. 17-3221 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| MARK KIRBY, | : | |
| | : | |
| Respondent | : | |
| | : | |

**BUMB**, District Judge

Petitioner, Jonathan Nicholson, a prisoner confined in the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") calculation of his sentence. (Pet., ECF No. 1, ¶17.) Respondent filed an Answer, opposing habeas relief. (Response, ECF No. 3.) For the reasons discussed below, the Court will deny the petition.

I.   BACKGROUND

Petitioner is presently serving a 57-month sentence imposed on March 3, 2010 in the United States District Court for the Eastern District of Pennsylvania, for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

(Declaration of Patricia Kitka[1] ("Kitka Decl.") ECF No. 4-1, ¶4k; Ex. 1r, ECF No. 4-2 at 23.) If he receives all good conduct time available, his projected release date is November 11, 2019. (Id., ¶5(z); Ex. 1r, ECF No. 4-2 at 22.)

The following facts are relevant to the BOP's calculation of Petitioner's federal sentence. On July 1, 1991, in Court of Common Pleas of Philadelphia Case No. CP-51-CCR-1234311-1989, Petitioner was convicted of aggravated assault and carrying a firearm in public, arising out of his arrest on September 20, 1989 in Philadelphia. (Kitka Decl., ¶¶4c, 5a.) He was sentenced on March 9, 1992, to a term of imprisonment for seven to twenty years, from which he was paroled on November 17, 2000. (Id., ¶¶5c, 5d.) On August 3, 2007, his parole was revoked and he was remanded to serve a parole violation term. (Id., ¶5e.) He was paroled again on April 8, 2008. (Id.)

On July 11, 2009, Petitioner was arrested while on state parole. (Id., ¶5f.) He was charged under Pennsylvania state law, in Criminal Case Nos. CP-51-CR-0009303-2009 and CP-51-CR-00093049-2009, with aggravated assault, firearms not to be carried without a license, carrying a firearm in public, possession of an

---

[1] Patricia Kitka is a Correctional Programs Specialist employed by the Federal Bureau of Prisons, Designations and Sentence Computation Center ("DSCC"). (Kitka Decl., ECF No. 4-1, ¶1.) In her official capacity, Kitka has access to documents maintained in the ordinary course of business at DSCC and records maintained by the BOP computerized database. (Id.)

instrument of crime, simple assault and recklessly endangering another person. (Kitka Decl., ECF No 4-1, ¶5f; Exs. 1d, 1e, ECF No. 3-3.) On August 18, 2009, while detained in the custody of the Commonwealth of Pennsylvania, Petitioner was indicted in the United States District Court, Eastern District of Pennsylvania for possession of a firearm by a convicted felon. U.S. v. Nicholson, No. 09-cr-555 (E.D. Pa. Aug. 18, 2009) (Indictment, ECF No. 1.)[2] The conduct underlying this federal criminal charge was the same conduct underlying the state law charges in Criminal Case Nos. CP-51-0009303-2009 and CP-51-CR-0009304. (Kitka Decl., ECF No. 4-1, ¶5g; Ex. 1f, ECF No. 6-1 at 2.)

On August 29, 2009, the United States District Court, Eastern District of Pennsylvania issued a federal writ of habeas corpus *ad prosequendum*, directing the United States Marshals Service to produce Petitioner from state prison for processing his federal criminal charge. (Id., ¶5h; Ex. 1g, ECF No. 6-1 at 5.) Petitioner was borrowed by federal authorities pursuant to the writ of habeas corpus *ad prosequendum* on September 23, 2009. (Id., ¶5i, Ex. 1h, ECF No. 6-1 at 7-8.) On November 17, 2009, Petitioner pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Kitka Decl., ECF No. 4-1, ¶5j); U.S. v. Nicholson, No. 09-cr-555 (E.D. Pa. Nov. 17, 2009) (Plea Document, ECF No. 13.)

---

[2] Available at www.pacer.gov

On March 15, 2010, Petitioner was sentenced in federal court to 57-month term of imprisonment followed by a three-year term of supervised release. (Federal Sentencing Transcript, ECF No. 5-1 at 67.) The federal sentencing order was silent as to whether the sentence was concurrent or consecutive to any other sentence or parole violator term to which Petitioner may be subjected. (Id.) Petitioner was then returned to Pennsylvania law enforcement authorities on April 28, 2010, in satisfaction of the federal writ of habeas corpus *ad prosequendum*. (Kitka Decl., ECF No. 4-1, ¶5l; Ex. 1h, ECF No. 6-1 at 7-8.)

On May 25, 2010, Petitioner entered a plea of nolo contendere to aggravated assault in Pennsylvania state court Case No. CP-51-CR-0009303-2009, and he was sentenced to a two to four-year term of imprisonment, and Case No. CP-51-CR-0009304-2009 was dismissed. (Id., ¶5m, n; Exs. 1e, 1j, ECF Nos. 3-3 at 13-21, 6-1 at 17-18.) The state sentencing court directed that Petitioner receive credit for time served and that the state sentence run concurrently with "any other sentence given." (Id., ¶5m; Ex. 1j, ECF No. 6-1 at 17-18.) Petitioner was returned to custody on August 26, 2010, pursuant to the state parole violation charge. (Id., Ex. 1k, ECF No. 4-2 at 2.)

On March 29, 2011, Petitioner wrote to the BOP, requesting that it consider him for retroactive designation of the state prison as the place of service for his federal sentence. (Kitka

4

Decl., Ex. 1l, ECF No. 4-2 at 5.) If this request was granted, Petitioner's federal sentence would have been computed as running concurrently with the state sentence he was serving as of March 15, 2010, the date his federal sentence was imposed. (Answer, ECF No. 3 at 6-7.)

On April 29, 2011, the BOP sent a letter to Petitioner's federal sentencing court, asking for the court's position on Petitioner's request. (Id., Ex. 1m, ECF No. 4-2 at 7-8.) The BOP advised the sentencing court that Petitioner was subject to a 57-month federal sentence imposed on March 15, 2010, a two to four-year state sentence for aggravated assault, and a 3584-day state parole violator term. (Id.) The BOP explained that pursuant to Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), because Petitioner was in primary state custody when his federal sentence was imposed, Petitioner could request that the BOP run his federal sentence concurrently with his state terms of imprisonment by retroactively designating the state institution for service of the federal sentence. (Id.) One of the factors the BOP must consider in making such a retroactive designation is the intent of the federal sentencing court. (Id.) If the BOP did not receive a response from the sentencing court within sixty days, it would not calculate his federal sentence until he was released from state custody. (Kitka Decl., Ex. 1m, ECF No. 4-2 at 7-8.)

On April 29, 2011, the federal prosecutor wrote a letter to the federal sentencing court objecting to Petitioner's request for a retroactive designation because his federal offense involved a loaded firearm, physical assault and threat of physical violence. (Id., Ex. 1n, ECF No. 4-2 at 10-11.) The prosecutor advocated for consecutive sentences. (Id.) The BOP did not receive a response to its letter from the federal sentencing court. (Kitka Decl., ¶5s.)

On July 11, 2011, the Pennsylvania Board of Probation and Parole rescinded Petitioner's state parole and recommitted him to a maximum term of nine years, nine months and 24 days for violating parole in Case No. 2631W. (Kitka Decl., Ex. 1k, ECF No. 4-2 at 2.) This made his state maximum release date June 18, 2020. (Id.)

On July 25, 2011, the BOP conducted a review under 18 U.S.C. § 3621(b) to determine whether Petitioner was appropriate for retroactive designation of the state institution for service of his federal sentence. (Id., Ex. 1o, ECF No. 4-2 at 13.) The BOP determined that Petitioner was not appropriate for such a designation based on his criminal history, his related state and federal sentences for conduct of taking an arresting officer's gun and threatening to shoot the officer, and the failure of the federal sentencing court to respond to the BOP's request for the sentencing court's position regarding a *nunc pro tunc* designation. (Kitka Decl., Ex. 1o, ECF No. 4-2 at 13.))

In a letter to Petitioner on July 27, 2011, the BOP advised
him that the federal sentencing order was silent as to whether the
federal sentence was consecutive or concurrent with any other
sentence to which he was subject. (Id., Ex. 1p, ECF No. 4-2 at 15-
16.) Pursuant to 18 U.S.C. § 3584(a) multiple terms of imprisonment
imposed at different times are presumed to run consecutively unless
directed by the federal sentencing court to run concurrently. (Id.)
The federal sentencing court did not respond to the BOP's inquiry.
(Id.) Therefore, the BOP considered Petitioner's circumstances and
determined his federal sentence would be computed as commencing
upon his release from his state sentence. (Id.)

On August 27, 2013, Petitioner commenced service of his two
to four-year state sentence imposed in Case No. CP-51-CR-0009303-
2009. (Id., Ex. 1q, ECF No. 4-2 at 18.) The state gave Petitioner
jail credit against his state sentence for all time served from
July 11, 2009 (date of his arrest) through August 25, 2010 (day
before he was recommitted for service of state parole violator
term). (Id.) Additionally, the state granted credit for 284 days.
(Id.) Petitioner was paroled from his two to four-year state
sentence and taken into custody by the U.S. Marshals Service for
service of his federal sentence on September 22, 2015. (Kitka
Decl., ECF No. 4-1, ¶5y; Ex. 1h, ECF No. 6-1 at 7-8.)

The BOP computed Petitioner's 57-month federal sentence
commencing on September 22, 2015, and he was not granted any prior

custody credit because all time served from the date of his arrest until his federal sentence commenced was credited against his state sentence and state parole violator term. (Kitka Decl., ECF No. 4-1, ¶5z; Ex. 1r, ECF No. 4-2 at 22-24.) The BOP concedes that Petitioner exhausted his administrative remedies. (Answer, ECF No. 3 at 11.)

In his habeas petition, Petitioner seeks credit for time served in state and federal prison against his federal sentence. (Pet., ECF No. 1, ¶17.) Petitioner attached his administrative remedy forms to his petition, indicating that his request for relief is based on his claim that:

> my state sentence is concurrent with my federal sentence, and its [sic] for the same criminal conduct as the federal sentence case. I am requesting you consider a retroactive nunc pro tunc designation under U.S.S.G. 5G1.3(b)(2) for relevant conduct.

(Exhibit, ECF No. 1-1 at 2, 5, 9.)

In answer to the petition, Respondent contends (1) the BOP properly computed Petitioner's sentence; (2) the BOP's denial of a *nunc pro tunc* designation of a state facility for service of Petitioner's federal sentence was not an abuse of discretion; and (3) Petitioner's invocation of U.S.S.G. §5G1.3(b)(2) is unavailing because such relief must be raised in the sentencing court. (Answer, ECF No. 3 at 2.)

II. DISCUSSION

A. <u>Legal Standard</u>

28 U.S.C. § 2241 provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> . . .
>
> > (3) He is in custody in violation of the Constitution or laws or treaties of the United States; . . .

The BOP is charged with computing federal sentences, which requires two determinations, when the sentence commences and whether the prisoner is entitled to credit toward his sentence. <u>Blood v. Bledsoe</u>, 648 F.3d 203, 207 (3d Cir. 2011). 18 U.S.C. § 3585 provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or

9

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The computation of a federal sentence is complicated when the inmate is subject to sentences imposed by more than one sovereign, and the courts must determine where and in what order the inmate will serve his sentences. See Setser v. U.S., 566 U.S. 231, 234 (2012) ("*someone* must answer the consecutive versus concurrent question … and decide how the state and federal sentences will fit together." (internal quotation omitted). The primary custody doctrine provides the sovereign that first arrests an individual is entitled to have that individual serve a sentence imposed by that sovereign before he serves a sentence imposed by another sovereign. Harris v. Bureau of Prisons (BOP) Federal, 787 F.Supp.2d 350, 355 (W.D. Pa. April 4, 2011) (citing e.g. Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982)). The arresting sovereign retains primary jurisdiction until it relinquishes jurisdiction by release on bail; dismissal of charges, parole or expiration of the sentence. Id. (quoting Chambers v. Holland, 920 F.Supp. 618, 621 (M.D. Pa.) aff'd, 100 F.3d 946 (3d Cir. 1996)).

18 U.S.C. § 3584(a) provides in relevant part:

> (a) Imposition of concurrent or consecutive terms.-- … Multiple terms of imprisonment imposed at different times run consecutively

> unless the court orders that the terms are to run concurrently.

If the inmate was in primary state custody when the federal sentence was imposed (regardless of whether the federal sentence was imposed before the state sentence) the BOP must determine whether the federal sentencing court expressed an intent as to whether the federal sentence should run concurrently or consecutively with the non-federal sentence. Setser, 566 U.S. at 244. If the federal sentencing court is silent, the BOP construes the court's silence as an intent to impose a consecutive sentence. See e.g. Galloway v. Warden of F.C.I. Fort Dix, 385 F. App'x 59, 60 (3d Cir. 2010) (citing BOP Program Statement 5160.05).[3] In such a case, the federal sentence commences only upon the state's relinquishment of primary jurisdiction over the petitioner. Id. at 62 n.3 (citing Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000)). A state court's direction that the state and federal sentences run concurrently does not bind the Federal Bureau of Prisons or federal

---

[3] If the federal sentencing court indicated its intent to run the federal sentence concurrent to a yet to be imposed state sentence, the BOP can achieve concurrent state and federal sentences by *nunc pro tunc* designating the state facility as the location for service of the federal sentence. Barden, 921 F.2d at 483. A court reviews denial of the *nunc pro tunc* designation for abuse of discretion. Barden, 921 F.2d at 483. In this case, Petitioner does not challenge the BOP's denial of a *nunc pro tunc* designation pursuant to Barden but instead seeks an adjustment to his federal sentence under U.S.S.G. §5G1.3(b)(2).

courts in any way. <u>Barden v. Keohane</u>, 921 F.2d 476, 478 n.4 (3d

Cir. 1991) (citing U.S. Const. art. VI, cl. 2.)

Under § 3585(b), a defendant cannot receive double credit for

his detention time. <u>United States v. Wilson</u>, 503 U.S. 329, 337

(1992); <u>Bueno v. United States</u>, 537 F. App'x 18, 19 (3d Cir. 2013)

("The BOP's authority . . . is limited by 18 U.S.C. § 3585(b),

which expressly prohibits the BOP from crediting a federal sentence

with time that has already been credited toward another sentence").

A sentencing court may, however, adjust a federal sentence under

U.S.S.G. §5G1.3(b) to effectively give credit against the federal

sentence for time served which was credited against a state

sentence. The version of U.S.S.G. §5G1.3 in effect when Petitioner

was sentenced in the Eastern District of Pennsylvania on March 3,

2010, provided:

> §5G1.3. Imposition of a Sentence on a
> Defendant Subject to an Undischarged Term of
> Imprisonment[4]
>
> (a) If the instant offense was committed while
> the defendant was serving a term of
> imprisonment (including work release,
> furlough, or escape status) or after
> sentencing for, but before commencing service

---

[4] In the Guidelines Manual effective November 1, 2014, §5G1.3 was amended to read "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment *or Anticipated State Term of Imprisonment*." (emphasis added). In the Background section of the Application Notes, the Guidelines Manual provides: "Federal courts also generally have discretion to order that the sentences they impose will run concurrently with or consecutively to other state sentences that are anticipated but not yet imposed. <u>See</u> <u>Setser</u>, 132 S. Ct. at 1468."

of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

2009 Federal Sentencing Guidelines Manual (effective Nov. 1, 2009)

(available at www.ussc.gov/guidelines/archive).

B.    <u>Analysis</u>

After contacting the federal sentencing court to obtain its position on a *nunc pro tunc* designation of the state facility for service of the federal sentence and receiving no response, the BOP properly applied the factors under 18 U.S.C. § 3621(b) in determining not to designate the state facility for service of Petitioner's federal sentence, in accordance with <u>Barden</u>, 921 F.2d at 483-84. (Kitka Decl., Ex. 1o, ECF No. 4-2 at 13.) The BOP appropriately commenced Petitioner's federal sentence on March 10, 2015, the date of imposition. 18 U.S.C. § 3585(a). The BOP complied with 18 U.S.C. § 3585(b) by not awarding prior custody credit for time served that was credited against Petitioner's state sentences.

Finally, it is the federal sentencing court, not the BOP, that has the authority to grant a downward departure under U.S.S.G. §5G1.3(b), (c) to run Petitioner's federal sentence concurrently with anticipated state sentences at the time of federal sentencing. <u>See</u> <u>e.g.</u> <u>Ruggiano v. Reish</u>, 307 F.3d 121 (3d Cir. 2002); <u>Williams v. Zickefoose</u>, 504 F. App'x 105, 107-8 (3d Cir. 2012). Because the question of whether the federal sentencing court intended to grant a downward departure under §5G1.3 was not presented in the instant petition,[5] denial of the petition is without prejudice to

------------------------------------

[5] Petitioner may wish to seek clarification from the federal sentencing court regarding whether his sentence is concurrent to

14

Petitioner raising such a claim after exhausting his administrative remedies with the BOP.

III. CONCLUSION

For the reasons discussed above, the Court denies Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Dated:  September 20, 2018

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**

---

the anticipated state sentences at the time of sentencing, pursuant to U.S.S.G. §5G1.3.